1 | SPENCER P. HUGRET (SBN 240424)
shugret@grsm.com
2 | MICAH A. YOSPE (SBN 281350)
myospe@grsm.com
3 | GORDON REES SCULLY MANSUKHANI LLP
Embarcadero Center West
4 | 275 Battery Street, Suite 2000
San Francisco, CA  94111
5 | Telephone: (415) 986-5900
Facsimile: (415) 986-8054
6 |
Attorneys for Defendant
7 | FCA US LLC

*Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| RUSSELL MAYER, and GEORGETTE BIPES-MAYER, | Case No. |
|---|---|
| **Plaintiffs,** | **FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § § 1332, 1441, 1446** |
| vs. | |
| FCA US LLC; and DOES 1 through 50, Inclusive, | Action Filed:  December 31, 2019 |
| Defendants. | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FCA US LLC ("FCA"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. CIV1804642 of the Superior Court of California, County of Marin.  In support of this removal, FCA states as follows:

### I.    THE REMOVED CASE

1.    The removed case is a civil action commenced in the Superior Court of California, County of Marin by Plaintiffs RUSSELL MAYER, and GEORGETTE BIPES-MAYER, against FCA, entitled *Russell Mayer, et al. v. FCA US LLC,* Case

1

No. CIV1804642 (the "State Action"). The only named Defendant is FCA, a Delaware Corporation.

2.      Plaintiffs filed the State Action on December 31, 2018, alleging strict products liability/defect; failure to warn; general negligence; and loss of consortium. A true and correct copy of the Complaint is attached to this Notice as Exhibit "A."

## II.      PROCEDURAL REQUIREMENTS

1.      FCA has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). FCA was served with a copy of the Complaint on February 21, 2019.

2.      Plaintiffs' Complaint alleges liability for injuries allegedly suffered as a result of a January 5, 2017 incident involving a 2016 Dodge Ram 1500 truck. (Compl., p.2, ¶. 8.) Plaintiff asserts strict products liability/defect; failure to warn; general negligence; and loss of consortium stemming from the incident.

3.      In connection with these causes of action, Plaintiffs seek compensatory damages, including "injur(y) in his, health, strength and activity," "injury to his person," "great mental, physical pain and suffering," and injuries that "will result in some permanent disability to him." (Compl., p.4 ¶ 16.) Plaintiffs also alleged Russell Mayer incurred medical and related expenses for physicians, surgeons, hospital care, and other medical services. (Compl., p.4 ¶ 17.) Plaintiffs also allege Russell Mayer "suffered a loss of earnings, and . . . he will continue such a loss for an indefinite time in the future," and "Plaintiff's earning capacity has been greatly reduced." (Compl., p.4 ¶ 18.)

4.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because FCA has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to28 U.S.C. § 1332.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

5.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in Exhibits "A" and "B" filed herewith.

6.     Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this district embraces the place in which the removed action has been pending.

7.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Marin promptly after filing of same in this Court.

8.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9.     If any question arises as to the propriety of the removal of this action, FCA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

10.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

III.     **THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

11.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

12.     The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" (*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct.

2  547, 554 (2014)).) "By design, § 1446(a) tracks the general pleading requirement

3  stated in Rule 8(a)" which requires only that the grounds for removal be stated in a

4  "short and plain statement." (*Dart*, 135 S. Ct. at 553.)

5          13.     Generally, a federal district court will first "consider whether it is

6  'facially apparent' from the complaint that the jurisdictional amount is in

7  controversy." (*Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal

8  citation omitted).)  But a defendant may remove a suit to federal court

9  notwithstanding the failure of the plaintiff to plead the required amount.  Absent the

10 facial showing from the complaint, the court may consider facts averred in the

11 removal petition. (*Id.*)  Next, if the defendant's allegation(s) regarding the amount in

12 controversy is challenged, then "both sides submit proof and the court decides, by a

13 preponderance of the evidence, whether the amount-in-controversy requirement has

14 been satisfied." (*Ibarra*, 775 F.3d at 1195.)  At that time, "it may be appropriate to

15 allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*,

16 443 F.3d at 691 (internal citation omitted).

17          14.     FCA disputes that it is liable for any damages whatsoever to Plaintiffs.

18 Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000

19 under the "preponderance of the evidence" standard. (*See Guglielmino v. McKee*

20 *Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).)  The standard requires only that the

21 removing party present evidence that "it is more likely than not" that the amount in

22 controversy is satisfied. (*Id.*)

23          15.     In the case at bar, the Plaintiffs allege that Russell Mayer sustained

24 injuries when his 2016 Dodge 1500 "knocked him down and … ran over him,

25 causing serious injuries. (Compl., p.3 ¶ 8.)  They further allege that "Russell Mayer

26 was caused to suffer serious and severe physical and mental injuries, including but

27 not limited to injuries to both his legs." (Compl., pp.3-4 ¶ 15.)

28

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § § 1332, 1441 AND 1446

16.     Plaintiffs seek compensatory damages, including "injur(y) in his, health, strength and activity," "injury to his person," "great mental, physical pain and suffering," and injuries that "will result in some permanent disability to him." (Compl., p.4 ¶ 16.)  Plaintiffs also alleged Russell Mayer incurred medical and related expenses for physicians, surgeons, hospital care, and other medical services. (Compl., p.4 ¶ 17.)  Plaintiffs also allege Russell Mayer "suffered a loss of earnings, and . . . he will continue such a loss for an indefinite time in the future," and "Plaintiff's earning capacity has been greatly reduced."  (Compl., p.4 ¶ 18.)

17.     Where, as here, a plaintiffs allege serious bodily injury, California federal courts have readily found that the amount-in-controversy requirement is satisfied. (See, e.g., *Bryant v. Apotex, Inc.*, No. 1:12-CV-01377-LJO-JLT, 2012 WL 5933042, at *4 (E.D. Cal. Nov. 27, 2012) (holding that amount-in-controversy requirement was met, although "complaint [did] not set forth a specific amount of damages," because plaintiff sought "compensatory damages for injuries and severe pain lasting six months, severe emotional distress, and punitive damages"); *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499 FVS DLB, 2006 WL 707291, at *2-3 (E.D. Cal. Mar. 17, 2006) (holding that amount in controversy exceeded $75,000, and denying motion to remand, where plaintiffs asserted strict products liability, negligence and breach of warranty claims and sought compensatory damages, including lost wages and loss of earning capacity, medical expenses, and general damages).)  In addition, compensatory damages in excess of the jurisdictional amount of $75,000 have been awarded in product liability cases in California. (See, e.g., *Stewart v. Union Carbide Corp.*, 190 Cal. App. 4th 23, 117 Cal. Rptr. 3d 791 (2010); *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202, 45 Cal. Rptr. 3d 265 (2006); *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990, 35 Cal. Rptr. 3d 144 (2005).)

18.     Additionally, a district court may receive extrinsic evidence when determining whether the amount in controversy "more likely than not" exceeds $75,000. (See, e.g., *Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115, 1117 (9th Cir. 2004)

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § § 1332, 1441 AND 1446

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

("the amount-in controversy inquiry in the removal context is not confined to the face of the complaint"); *Nasiri v. Allstate Indem. Co.*, 41 Fed. Appx. 76, 78 (9th Cir. 2002) (finding an estimate of damages based upon damage awards in similar cases sufficient evidence to prove by a preponderance of the evidence that a plaintiff's claims exceed the jurisdictional limit).)

19.     Reported cases reveal that potential awards based on conditions similar to those alleged by Plaintiff exceed the $75,000 jurisdictional amount. (See, e.g., *Oliverio v. Yellow Cab Cooperative, Inc.*, CGC-14-537850 (San Francisco County, California Superior Court October 8, 2015) (awarding $1,325,000 for pelvic and tibia plateau fractures sustained in an automobile accident); *Burlison v. New Desoto Cab Cooperative Company, Inc.*, CGC-11-507177 (San Francisco County, California Superior Court March 1, 2013) (award of $800,000 for hip and tailbone injury resulting in nerve damage sustained in automobile accident); *Smith v. City of Oakland*, RG13665558 (Alameda County Superior Court, September 23, 2014) (settlement of $2,000,000 in case alleging fractured femur, torn rotator cuff, lacerated spleen, bone lesion in right femur and fractured ribs when pedestrian hit by a vehicle); *Brinskele v. McVey*, CGC-12-523756 (San Francisco County California Superior Court February 13, 2014) (settlement of $175,000 for allegations of serious injuries to both his legs sustained in auto accident).)  (See Hugret Decl., ¶ 6.)

20.     Thus, the total amount in controversy therefore exceeds $75,000.00. The amount in controversy is satisfied.

## IV.   DIVERSITY OF CITIZENSHIP EXISTS

21.     Plaintiffs are, and was at the time of filing of the Complaint, both a citizen and resident of California.  (Compl. p.2, ¶ 6.)

22.     FCA US is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan.  FCA US has one member, FCA north America Holdings LLC, a Delaware limited liability company with its principal place of business in Michigan and whose sole member is Fiat Chrysler Automobiles, N.V.,

6

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 a publicly traded corporation organized and existing under the laws of The
2 Netherlands with its principal place of business in London. FCA US is therefore a
3 citizen of the Netherlands and the United Kingdom for purposes of federal diversity
4 jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th
5 Cir. 2006) (holding that the citizenship of an LLC "is Determined by the citizenship
6 of all of its members"). Therefore, FCA is not a citizen of California for purposes of
7 determining diversity. 28 U.S.C. § 1332(c)(1).

8 ## V. CONCLUSION

9     Consequently, the State Action may be removed to this Court by FCA in
10 accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil
11 action pending within the jurisdiction of the United States District Court for the
12 Northern District of California, (ii) the action is between citizens of different states,
13 and (iii) the amount in controversy exceeds $75,000.00.

14

15 Dated: March 22, 2019             Respectfully submitted,

16                                 */s/ Spencer P. Hugret*

17                             SPENCER P. HUGRET (SBN 240424)
Email: shugret@grsm.com
18 MICAH A. YOSPE (SBN 281350)
Email: myospe@grsm.com
19 GORDON REES SCULLY
MANSUKHANI, LLP
20 Embarcadero Center West
275 Battery Street, Suite 2000
21 San Francisco, CA 94111
Telephone: (415) 986-5900
22 Facsimile: (415) 986-8054

23 *Attorneys for Defendant*
FCA US LLC

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

1181657/44250764v.1